FILED IN OPEN COURT
3·12·2020

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:20-cr-48-J-34PDB
18 U.S.C. § 1341

DANIEL STEVEN SUMMERS

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A.  Introduction

At times relevant to this Indictment:

1.      Defendant DANIEL STEVEN SUMMERS was a resident of St. Johns County, Florida, and the owner of the following companies in Jacksonville, Florida:   REALTY E VEST LLC (previously known as IHT REALTY GROUP LLC) and E VEST TECHNOLOGY LLC.

2.      REALTY E VEST LLC was a Florida corporation established, controlled, and maintained by SUMMERS to offer an internet crowdfunding investment platform to match potential investors with commercial real estate developers in need of project financing.

3.      E VEST TECHNOLOGY LLC was a Florida corporation established, controlled, and maintained by SUMMERS to license his

crowdfunding platform to real estate developers seeking to manage their own crowdfunding efforts.

### B.  Scheme and Artifice

4.   From an unknown date but at least in or around August 2017, through and including in or around at least November 2018, in the Middle District of Florida, and elsewhere, the defendant,

**DANIEL STEVEN SUMMERS,**

did knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises that related to a material fact, the substance of which scheme and artifice to defraud is described below.

### C.  Manner and Means

5.   The manner and means used to accomplish the scheme and artifice to defraud included, among others, the following:

a.   It was part of the scheme to defraud that SUMMERS would and did utilize REALTY E VEST to solicit investments in commercial real estate projects via internet crowdfunding.

b.   It was further part of the scheme to defraud that SUMMERS would and did increase his pool of investors by promoting

2

REALTY E VEST and real estate venture crowdfunding through, among other things, advertising online, hiring marketing companies, and participating in investment seminars aimed at elderly individuals living in the Middle District of Florida.

c.      It was further part of the scheme to defraud that SUMMERS would and did make promises as to the use of the funds invested, including that investor funds would be held until it was determined whether or not the relevant crowdfunding project "fully funded," *i.e.* met its crowdfunding goal.   If a project fully funded, SUMMERS promised that REALTY E VEST would provide the investor funds to the real estate developer or title company in furtherance of the project, and would act as a conduit by distributing investment returns to the investors on an ongoing basis.   If a project did not fully fund, SUMMERS promised to return the monies to the investors.

d.      It was further part of the scheme to defraud that SUMMERS would and did fail to return pledged investor funds to the investors after projects failed to fully fund, and instead misused and misappropriated investor funds for, among other things, funding the ongoing operations of his companies and repaying other investors, in what is commonly known as a "Ponzi scheme."

3

e.     It was further part of the scheme to defraud that SUMMERS would and did solicit and accept equity investments in E VEST TECHNOLOGY LLC, which he subsequently misused and misappropriated in furtherance of the Ponzi scheme by using the investment funds to repay other investors.

f.     It was further part of the scheme to defraud that on multiple occasions, SUMMERS would and did further the illusion that the investors were participating in successfully crowdfunded investments by paying the investors the promised investment returns for unfunded projects via mailed checks or wire transfers.   However, the money funding these payments was not derived from the real estate developers or any legitimate investment activity, but instead was derived from the principal investments in other crowdfunding projects and equity investments in E VEST TECHNOLOGY LLC.

g.     It was further part of the scheme to defraud that SUMMERS would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the scheme and the acts committed in furtherance thereof.

### D.   Mail Communications

6.     On or about September 4, 2018, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, the defendant,

4

**DANIEL STEVEN SUMMERS,**

did knowingly transmit, and cause to be transmitted, by means of the U.S. mail, certain mailings from the Middle District of Florida, to wit, an envelope containing a check in the amount of $249.30 falsely represented to be investment returns to the Orlando, Florida home of the victim with the initials J.R.

In violation of 18 U.S.C. § 1341.

## FORFEITURE

1.     The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1341, the defendant, DANIEL STEVEN SUMMERS, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.     The property to be forfeited includes, but is not limited to, the sum of at least $774,910, which represents the proceeds of the offense charged in Count One.

4.     If any of the property described above, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third

party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be

divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By:  _____
David B. Mesrobian
Assistant United States Attorney

By:  _____
Kelly Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
3/4/20 Revised

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

DANIEL STEVEN SUMMERS

## INDICTMENT

Violations:   Count 1:   18 U.S.C. § 1341

A true bill,

_____
Foreperson

Filed in open court this 12th day

of March, 2020

_____
Clerk

Bail   $ _____

GPO 863 525