**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                              Case No. 3:20-cr-48-MMH-PDB

DANIEL STEVEN SUMMERS

## O R D E R[1]

This case is before the Court on Daniel Steven Summers' Corrected Motion for Release Pending Appeal (Doc. 96) and his Supplemental Motion for Release Pending Appeal (Doc. 97). The government responded in opposition. (Doc. 98).

For an individual convicted of an offense to be entitled to release pending appeal pursuant to 18 U.S.C. § 3143(b)(1), the Court must find: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal or an order for new trial. For the "substantial question" analysis, the individual must demonstrate not only that his appeal will raise a substantial question of law or fact, but also "if that substantial question is determined favorably to the

---

[1] While this case is assigned to the Honorable Marcia Morales Howard, because the undersigned covered for Judge Howard and handled Mr. Summers' sentencing hearing, I am acting on these motions at Judge Howard's request.

defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Giancola, 754 F.2d 898, 900 (11th Cir. 1985) (citation omitted). Mr. Summers bears the burden of establishing that his appeal presents a substantial question of law or fact. Id. at 901.

At sentencing, Mr. Summers withdrew his objection to the sentencing guidelines calculation, and the Court imposed a sentence that was a substantial downward variance. (Doc. 77 at 3–4 and 34–35). However, on appeal, Mr. Summers, through new counsel, intends to argue that the Court plainly erred in calculating Mr. Summers' sentencing guidelines. (Doc. 96 at 4). A plain error is a clear or obvious error that affects an individual's substantial rights, which the individual did not intentionally relinquish or abandon. FED. R. CRIM. P. 52(b); see Molina-Martinez v. U.S., 578 U.S. 189, 194 (2016). Mr. Summers argues that certain repayments he made should have been credited to him, which would have reduced his loss amount and thus his guidelines range from 33–41 months to 27–33 months.[2] (Doc. 96 at 4–8). The government responds that the guidelines range was correctly calculated because Mr. Summers was not entitled to credit due to the circumstances in which he made the repayments. (Doc. 98 at 5–7).[3]

---

[2] Mr. Summers was sentenced to 21 months. (Doc. 96 at 7).

[3] The government also argues Mr. Summers has appealed for the purpose

Mr. Summers has failed to meet the substantial question requirement set forth in 18 U.S.C. § 3143(b)(1) and Giancola. At the sentencing hearing Mr. Summers withdrew his objection to the loss amount calculation (Doc. 77 at 3–4), which likely waived review of any objection on appeal. See, e.g., U.S. v. Horsefall, 552 F.3d 1275, 1283–84 (11th Cir. 2008). In any event, Mr. Summers raises no substantial question of factual or legal error—let alone any plain error—likely to alter his imposed term of imprisonment. Mr. Summers has not raised a substantial question that the guidelines range identified at sentencing was incorrectly calculated, nor even that the "corrected" guidelines range asserted by Mr. Summers would likely alter his imprisonment term.[4]

---

of delay, which Mr. Summers did not address in his briefing. Id. at 7. Because Mr. Summers failed to establish a substantial question warranting release, the Court does not address the other criteria for release set forth in 18 U.S.C. § 3143(b)(1).

[4] In his Supplemental Motion (Doc. 97), Mr. Summers also argues for release because the Eleventh Circuit recently granted rehearing en banc in a different case, United States v. Dupree, Case No. 19-13776, involving whether certain conspiracy offenses are "controlled substance offense[s]" under U.S.S.G. § 4B1.2. Mr. Summers argues that the Eleventh Circuit's decision to rehear the case "suggests that this Court may likely . . . revisit its body of law" interpreting sentencing guidelines commentary. (Doc. 97 at 1–3). The possibility that the Eleventh Circuit's ruling in Dupree may impact how sentencing guidelines are interpreted in a different context is insufficient to raise a substantial question of law as to Mr. Summers.

3

Accordingly, it is hereby

**ORDERED:**

1. Appellant Summers' Corrected Motion for Release Pending Appeal (Doc. 96) and Supplemental Motion for Release Pending Appeal (Doc. 97) are **DENIED**.

2. Mr. Summers shall report to the designated institution as directed by the Bureau of Prisons no later than 2:00 p.m. on March 1, 2022. (Doc. 94).

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of February, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

km
Copies:

David B. Mesrobian, AUSA
William Mallory Kent, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

4